UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUSTIN COB WEBB,

               Plaintiff,

    v.

PIERCE COUNTY JUDICIAL SYSTEM,

               Defendant.

Case No. C23-5277-MJP-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Dustin Cob Webb, proceeding pro se, presented to the Court for filing an application to proceed *in forma pauperis* (IFP) and a pleading which the Court construes as a prisoner civil rights complaint under 42 U.S.C. § 1983. *See* Dkts. 1 & 5. At the time of filing, Plaintiff was confined at the Pierce County Jail in Tacoma, Washington. *See id*. However, a mailing returned to the Court as undeliverable and the filing of an updated mailing address show that Plaintiff is no longer incarcerated. *See* Dkts. 4 & 6. Further, a review of the docket in Plaintiff's criminal case shows that, on April 3, 2023, Plaintiff pled guilty and Pierce County Superior Court entered a felony judgment and sentence. *See* https://linxonline.co.pierce.wa.us/

REPORT AND RECOMMENDATION - 1

linxweb (Case No. 22-1-03593-7) (last checked April 25, 2023).  Plaintiff also recently paid the Court's filing fee, making his IFP application moot.

The Court has now screened Plaintiff's complaint, in accordance with 28 U.S.C. § 1915A.  In so doing, the Court concludes this action is subject to dismissal because Plaintiff has not identified a viable defendant and because this action is barred as a result of his recent conviction.

## II.    BACKGROUND

Plaintiff submitted to the Court for filing a pleading identified as a "Complaint in an Action to Enjoin Enforcement of Prison Regulations Restricting Attorney-Client Conferences and Alleging Civil Rights Violations."  Dkt. 5.  Though not a model of clarity, the pleading appears to relate to Plaintiff's then ongoing criminal proceedings.  Plaintiff asserts that he, and unnamed others, "accuse [the] Pierce County Judicial process of multiple Due Process Violations and Constitutional Violations."  *Id*. at 1.  He goes on to reference the omnibus hearing requirement set forth in Washington Superior Court Criminal Rule (CrR) 4.5, and claims that "the omnibus hearing by very definition demands defendents [sic] presence."  *Id*. at 2, 5.

Plaintiff suggests, though he does not clearly assert, that Pierce County Superior Court has not allowed criminal defendants to attend their omnibus hearings, apparently because of COVID-19 related restrictions.  *See id.* at 2-9.  Plaintiff maintains that the restrictions imposed on pending criminal proceedings violate the Eighth Amendment, the due process and equal protection clauses of the Fourteenth Amendment, and the Sixth Amendment right to effective counsel.  *Id*. at 8.

Plaintiff identifies the Pierce County Judicial System as the lone Defendant in his Complaint. He indicates he is seeking five million dollars in damages for the violation of multiple constitutional rights. *Id*.

### III. DISCUSSION

#### A. Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that, to state a claim for relief, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute,

REPORT AND RECOMMENDATION - 3

and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. at 691. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

**B.     Analysis**

      1.     *Viability of Defendant*

Plaintiff identifies the "Pierce County Judicial System" as the lone Defendant in his Complaint. However, the "Pierce County Judicial System" is not an independent legal entity subject to suit under § 1983. It appears that Plaintiff's claims of unconstitutional conduct relate primarily, if not exclusively, to the actions of the Pierce County Superior Court and/or to the actions of one or more judges of that court. However, neither the court nor its judges are viable defendants in this action.

REPORT AND RECOMMENDATION - 4

The Pierce County Superior Court is a state agency as it was established by the Washington State Constitution and is funded by the state government. *See* Wash. Const. art. IV, §§ 1, 6; *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds*. The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that, under the Eleventh Amendment, a nonconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982). Because the Pierce County Superior Court is a state agency, it is not subject to suit in this civil rights action.

To the extent Plaintiff may intend to sue the judicial officer(s) who scheduled and/or presided over his criminal omnibus hearing, he has likewise not identified a defendant subject to suit in this action. It is well established that judicial officers are entitled to absolute immunity for judicial acts performed within the scope of their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity applies even when a judge acts in excess of his or her authority. *Stump*, 435 U.S. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988). Scheduling and/or presiding over hearings in criminal cases are judicial acts which clearly fall withing the scope of a judge's official duties. Accordingly, no action lies against any superior court judge as to the manner in which they conducted Plaintiff's omnibus hearing.

The Court observes that though neither a state agency nor a judicial officer is a viable defendant in an action brought under § 1983, a civil rights action may be brought against a county. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued"). As explained above, in order to proceed against a municipal entity, such as a county, a plaintiff must identify a custom or policy of the entity that caused his alleged injury. Plaintiff has not alleged any facts suggesting that a custom or policy of Pierce County violated his federal constitutional rights. So far as the Court can discern, Plaintiff's complaints pertain only to the Pierce County Superior Court judicial process and to the constitutionality of his criminal proceedings. Moreover, even assuming Plaintiff could identify a viable constitutional claim against the county arising out of the judicial process, any such claim, as will be explained below, would not be properly before the Court.

    2.    *Heck Bar*

It appears that Plaintiff is attempting to challenge the procedures employed to adjudicate the criminal charges that were pending against him in Pierce County Superior Court. However, the Court's review of state court filings shows that Plaintiff pled guilty and that Pierce County Superior Court entered a felony judgment and sentence in Plaintiff's case on April 3, 2023. *See* https://linxonline.co.pierce.wa.us/linxweb (Case No. 22-1-03593-7) (last checked April 25, 2023). In addition, a mailing returned to the Court as undeliverable and a new mailing address provided by Plaintiff show that he is no longer incarcerated at Pierce County Jail or at any other correctional facility in relation to those charges. *See* Dkts. 4 & 6.

A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See also Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."). The § 1983 action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, Plaintiff presents a challenge to the procedures of the Pierce County Judicial System in the time leading up to his conviction. However, he makes no allegation or showing that his conviction has been invalidated or impugned in any respect. In fact, an invalidation of the conviction does not appear to be possible given that Plaintiff was convicted one week after he signed his Complaint and only some three weeks prior to the date of this Report and Recommendation. *See* Dkt. 5 at 8 and https://linxonline.co.pierce.wa.us/linxweb (Case No. 22-1-03593-7) (last checked April 25, 2023). Accordingly, even if Plaintiff had named a viable defendant, his claims would be barred under *Heck*.

### IV.   CONCLUSION AND OBJECTIONS

Where a *pro se* litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Because Plaintiff

REPORT AND RECOMMENDATION - 7

1  has not identified a viable defendant in this action and because, in any event, his claims would be
2  barred under *Heck*, the Court recommends that this § 1983 action be dismissed without leave to
3  amend and without prejudice. A proposed Order accompanies this Report and Recommendation.
4      Objections to this Report and Recommendation, if any, should be filed with the Clerk and
5  served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report
6  and Recommendation is signed. Failure to file objections within the specified time may affect
7  your right to appeal. Objections should be noted for consideration on the District Judge's
8  motions calendar for the third Friday after they are filed. Responses to objections may be filed
9  within **fourteen (14) days** after service of objections. If no timely objections are filed, the
10 matter will be ready for consideration by the District Judge on **May 19, 2023**.
11     Dated this 26th day of April, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8